IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01588-NYW

SUE CIROCCO,

    Plaintiff,

v.

LINDA MCMAHON, in her official capacity as
Administrator of the United States Small Business Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Linda McMahon's Motion to Dismiss. [#7, filed October 10, 2017]. The Motion to Dismiss is before the court pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated November 21, 2017 [#19]. The court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and, for the reasons stated below, GRANTS the Motion to Dismiss.

### FACTUAL AND PROCEDURAL HISTORY

    Plaintiff Sue Cirocco ("Plaintiff" or "Ms. Cirocco") initiated this lawsuit through counsel on June 29, 2017, by filing a Complaint asserting unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and for retaliation. [#1].[1] The court draws the following facts from Ms. Cirocco's Complaint, and

---

[1] Ms. Cirocco initially sued the United States Small Business Administration and Linda McMahon in both her individual and official capacities. *See* [#1]. Plaintiff thereafter filed a notice of voluntary dismissal as to Ms. McMahon in her individual capacity and as to the United

1

accepts them as true for the purposes of considering the Motion to Dismiss. Ms. Cirocco began working at the United States Small Business Administration ("SBA") in August 2009 as a Finance Division Manager. [#1 at ¶ 9]. In December 2012, she was promoted to Finance Director over two male colleagues, Mr. Bates and Mr. Berges, who "vocally expressed" their displeasure, suggested the promotion was on account of gender, and "went as far to file an EEO complaint regarding Mr. Cirocco's selection."[2] [*Id.* at ¶¶ 10-13]. In October 2013, Mr. Gribben was hired as the Deputy Chief Financial Officer and he became Ms. Cirocco's manager. [*Id.* at ¶¶ 15-16]. Ms. Cirocco alleges that Mr. Gribben and Mr. Bates began working together to her exclusion and "outside the normal chain of command." [*Id.* at ¶ 17]. At one point, Mr. Gribbon reversed Ms. Cirocco's performance review of Mr. Bates, [*id.* at ¶¶ 20-22]; he also instructed Ms. Cirocco not to issue written discipline to Mr. Bates after Mr. Bates had been insubordinate to her and verbally abusive toward one of his female co-workers. [*Id.* at ¶¶ 26, 27-28, 31-32]. Mr. Gribben also instructed Ms. Cirocco against further communicating with Mr. Bates, an employee whom she managed. [*Id.* at ¶¶ 33-34].

Ms. Cirocco alleges that not only was Mr. Gribben "complicit in supporting Mr. Bates' discriminatory behavior," he reprimanded her for retaliating against Mr. Berges for his filing of an EEO complaint, when in fact Mr. Berges "routinely confided in Ms. Cirocco about the stress he experienced in filing his complaint." [#1 at ¶¶ 35, 37-38, 40]. Ms. Cirocco asserts that Mr. Gribben gave her a poor annual review ("FY14") that was lower than any review she had ever received at the SBA, and in stark contrast to her mid-year performance review that she was "doing a fabulous job." [*Id.* at ¶¶ 42-43, 49]. When Plaintiff asked Mr. Gribben about the FY14,

---

States Small Business Administration, leaving only Ms. McMahon in her official capacity. *See* [#6].

[2] "EEO complaint" refers to a complaint of discrimination filed with the Equal Employment Opportunity Commission.

he said he "based his decision on 'complaints about [her] professional conduct,'" which Plaintiff alleges referred to her "efforts to discipline Mr. Bates for verbally berating a female employee." [*Id.* at ¶¶ 45, 47]. Ms. Cirocco lost the opportunity for a raise as a result of the FY14. [*Id.* at ¶ 52].

Plaintiff filed her own EEO complaint in February 2015, and alleges the retaliation continued thereafter. She was moved to a less desirable office away from her team; she received a written reprimand for failing to treat Mr. Bates "with respect"; and she was placed under investigation in February and March 2015. [*Id.* at ¶¶ 60-62]. In March, the chief financial officer of the SBA visited the Denver office and announced that Ms. Cirocco's staff would be reduced by approximately 50 percent so as to comply with "best practices." [*Id.* at ¶ 65]. Ms. Cirocco alleges that, without adequate staffing and no change in the description of her position, it was impossible to perform her job. [*Id.* at ¶ 72]. Ms. Cirocco thereafter took a medical leave of absence and ultimately sought employment elsewhere.

Defendant filed the instant Motion to Dismiss on October 10, 2017, [#7], and, three days later, counsel for Plaintiff moved to withdraw his representation. *See* [#8, #9]. Plaintiff has proceeded *pro se* since that time. The Parties then consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), [#18]. On November 28, 2017, the court held a telephonic Status Conference at which the undersigned discussed with the Parties the Motion to Dismiss, and Ms. Cirocco represented that she had intended for certain email correspondence, which she had sent to counsel for Defendant, to serve as her response to the Motion. *See* [#22]. Accordingly, the court docketed the correspondence as Plaintiff's Response, *see* [#23], and Defendant thereafter filed a Reply, [#25]. The Motion to Dismiss is now ripe, and the court has determined that oral argument would not materially assist in its disposition.

**STANDARD OF REVIEW**

**I.      Rule 12(b)(1)**

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust her administrative remedies because she failed to participate in the SBA's investigation of her claims and the underlying administrative proceeding.  *See* [#7]. Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis added).  As the party seeking to invoke the jurisdiction of this court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

When a party's Rule 12(b)(1) motion challenges the facts upon which subject matter is based, "a district court may not presume the truthfulness of the complaint's factual allegations." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (citation and quotations omitted).  Instead, the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995).  The court's reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, require conversion of the motion to one for summary judgment under Rule 56.  *Id.* (citation omitted).

## II. Rule 12(b)(6)

Defendant also moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), which authorizes a court to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III.  *Pro se* **Litigants**

Ms. Cirocco is currently proceeding *pro se* and filed her Response as a *pro se* litigant. Accordingly, the court engages in a liberal review of the Response and holds it to a less stringent standard than if it were drafted by an attorney.  *See, e.g., Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, the court does not afford the Complaint the same level of review, because an attorney drafted and filed that pleading. Ultimately, regardless of the standard of review applied, the court will not act as an advocate for a *pro se* litigant, and will not assume that a plaintiff can prove facts that she has not alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [*pro se* litigant's] advocate"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues") (internal citation omitted).

## ANALYSIS

Title VII prohibits discrimination against any individual "with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  *Harris v. Forklift Sys, Inc.*, 510 U.S. 17, 21 (1993) (citing 42 U.S.C. § 2000e–2(a)(1)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *James v. James*, 129 F. Supp. 3d 1212, 1221 (D. Colo. 2015).  Title VII also makes it unlawful to retaliate against an employee for opposing practices made unlawful by that statute. *See Hansen v. SkyWest Airlines*, 844 F.3d 914, 92425 (10th Cir. 2016) (citing 42 U.S.C. § 2000e3(a)).  The Equal Employment Opportunity Commission ("EEOC") is vested with the authority to enforce § 2000e–16(a).  *See* 42 U.S.C. § 2000e–16(b).

The governing regulations require that an employee first attempt to resolve the matter by filing an informal complaint that triggers counseling with an EEOC Counselor, 29 C.F.R. § 1614.105(a), and, if an informal resolution is not reached, the employee must then file a formal complaint for a decision by an ALJ. *See id.* §§ 1614.105(d), 1614.106. Thereafter, the employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time. 29 C.F.R. § 1614.407(a)-(b); 42 U.S.C. § 2000e–16(c) (stating more specifically that after 180 days from the filing of the formal complaint, the complainant may file a civil action if aggrieved by the final disposition of his complaint or by the failure to take final action on his complaint). "Although § 2000e–16(c) permits an employee to file suit in federal court alleging a violation of § 2000e–16(a)," federal employees must exhaust their administrative remedies before filing suit under Title VII. *Id.* at § 2000e-16(c). Requiring a Title VII claimant to exhaust administrative remedies serves the purpose of "giv[ing] the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993) (citation omitted). Historically, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII, not merely a condition precedent to suit. *See, e.g., Jones v. Runyon,* 91 F.3d 1398, 1399 & n.1 (10th Cir. 1996).

Defendant argues that Plaintiff's claims for sex discrimination and retaliation fail because she did not exhaust her administrative remedies. Specifically, after filing the EEO Complaint in February 2015, Plaintiff "failed to participate in its adjudication and ultimately abandoned her administrative claims"; and Plaintiff "never pursued any administrative remedies," with respect

to the retaliation claim. [#7 at 1]. Defendant further argues that Plaintiff's Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) because she alleges only in conclusory terms that she exhausted her administrative remedies. [*Id.* at 2]. In support of these arguments, Defendant attaches to her Motion the declaration of William L. Gery, an attorney in the SBA's Office of General Counsel, [#7-1], to which the following exhibits are attached: Ms. Cirocco's EEO Complaint, [#7-2]; a letter from the SBA Office of Diversity, Inclusion and Civil Rights, [#7-3]; a copy of the EEO investigator's Memorandum to File regarding the EEO Complaint, [#7-4]; and an order of dismissal issued by the Administrative Law Judge ("ALJ") assigned to the matter, [#7-5].

I.     **State of the Law**

As an initial matter, the court considers whether Plaintiff's failure to participate in the EEOC investigation and proceeding before the ALJ implicates its jurisdiction. The court has an independent obligation to consider its own subject matter jurisdiction, and, conversely, whether an issue is actually one of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006); *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). In arguing that the court lacks subject matter jurisdiction as a result of Plaintiff's failure to participate in the EEOC process, Defendant relies heavily on an unpublished case from the Tenth Circuit, *Douglas v. Norton*, 167 F. App'x 698 (10th Cir. 2006), which in turn relies upon *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993). *See* [#7 at 5]. Curiously, Defendant omits any mention or discussion of the ambiguity in the law as reflected in more recent, published decisions.[3]

---

[3] *Cf.* Colo. RPC 3.3 ("(a) A lawyer shall not knowingly:… (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

In *Khader*, the court stated that exhaustion is satisfied by a "[g]ood faith effort by the employee to cooperate with the agency and the EEOC and to provide all relevant, available information"; and advised that, conversely, "when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she cannot be deemed to have exhausted administrative remedies." *Khader*, 1 F.3d at 971 (finding plaintiff's "angry refusal to resubmit the requested materials," which the agency received but ultimately lost, contradicted any argument of good faith effort to comply with administrative procedures) (citation and internal quotation marks omitted). Courts within the Tenth Circuit have routinely cited to *Khader* to find that a claimant who begins an administrative procedure but abandons it to file suit in federal court fails to exhaust her administrative remedies, and accordingly, is jurisdictionally barred from suit. *See, e.g., Laughter v. Gallup Indian Medical Center*, 425 F. App'x 683, 686 (10th Cir. 2011) ("Abandoning a complaint of discrimination filed with an employing agency prior to the agency's final action on the complaint constitutes a failure to exhaust") (citing *Khader*, 1 F.3d at 971).

In 2005, the Tenth Circuit reaffirmed its position, within the context of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, that a complainant's failure to cooperate in the EEO's investigation of his charge constituted a failure to exhaust administrative remedies that deprived the district court of subject matter jurisdiction. *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304 (10th Cir. 2005). The court stated that "when a plaintiff's non-cooperation effectively prevents the EEOC's investigation and conclusion efforts such that the EEOC proceeding essentially becomes a sham or meaningless proceeding[,] [] a charging party's non-cooperation will amount to a failure to exhaust administrative remedies." *Id.* at 1311. In turn, the *Shikles* court concluded that the failure to exhaust administrative

remedies was a jurisdictional bar to suit. In so holding, the court relied on precedent from two other Circuits and several federal district courts. *Id.* at 1312 (citing *Rann v. Chao*, 346 F.3d 192, 196 (D.C. Cir. 2003) (dismissing case for lack of jurisdiction, finding that plaintiff was not only uncooperative, the agency had dismissed the administrative complaint due to the lack of cooperation) (further citations omitted). In its discussion, the court acknowledged both the EEOC's amicus curie brief that an employee's failure to cooperate with the EEOC during the administrative process does not preclude him from later proceeding against his employer in court, *id.* at 1315-16, and the Supreme Court's guidance that courts not read into Title VII and the ADEA "procedural prerequisites to suit that are not expressly provided in the text of the statute." *See id.* at 1314.

The Seventh Circuit disagreed with *Shikles* the following year, and observed that the statutory language contained no requirements to filing suit other than timely filing an EEOC charge and timely filing suit following the right to sue letter:

> There is...no basis in the language of Title VII for that position. The Tenth Circuit acknowledged the Supreme Court's "admonition that no requirements beyond those in the statute should be imposed" ... but it imposed them anyway. So the Tenth Circuit's gloss on Title VII is confessedly adventurous, and this will distress originalists. It is also in severe tension with the Supreme Court's recent observation, concerning the "exhaustion" provisions in both Title VII and the Age Discrimination in Employment Act, that "neither of these provisions makes reference to the concept of exhaustion, and neither is in any sense an exhaustion provision." *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2390, 165 L.Ed.2d 368 (2006). Title VII imposes procedural requirements as a precondition to bringing a suit in federal court that is an original proceeding rather than one to review agency action. Doe satisfied all those requirements. Title VII does not incorporate anything like the full apparatus of exhaustion, an apparatus designed as we have noted for cases in which judicial review of an adjudication or a rule is sought.

*Doe v. Oberweis Dairy*, 456 F.3d 704, 710 (7th Cir. 2006). *See also Mohamed v. 1st Class Staffing, LLC*, --- F. Supp. 3d ----, 2017 WL 6383611, at *10-11 (S.D. Ohio Dec. 14, 2017) (discussing *Shikles* and *Oberweis* and applying the rationale articulated in *Oberweis*).

Almost ten years later, in 2015, the Tenth Circuit determined that Title VII's verification requirement that a claimant verify the charges against an employer is not a jurisdictional requirement, but rather a non-jurisdictional condition precedent to suit that can be waived. *Gad v. Kansas State University*, 787 F.3d 1032 (10th Cir. 2015). In so holding, the court relied on a series of Supreme Court decisions, beginning with *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), in which the Court determined that the statutory time limit for filing EEOC charges was subject to waiver and estoppel, and culminating with *United States v. Kwai Fun Wong,* --- U.S. ----, 135 S.Ct. 1625, 1632, 191 L.Ed.2d 533 (2015), in which the Supreme Court advised that "procedural rules ... cabin a court's power only if Congress has 'clearly state[d]' as much." *Id.* at 1037-40. From these cases the *Gad* court distilled a key principle that "a Title VII statutory requirement's classification as jurisdictional or non-jurisdictional turns in large part on whether it is located in Title VII's jurisdictional subsection—42 U.S.C. § 2000e–5(f)(3)." *Id.* at 1038.

The *Gad* court cast doubt on the *Khader* and *Shikles* holdings that failure to exhaust administrative remedies is a jurisdictional issue. However, *Gad* addressed only Title VII's verification requirement; and while the court observed that "the subsequent development of the law underscores the limited force our earlier cases retain today," it did not expressly overturn *Shikles*. *Id.* at 1040. *See Wickware v. Manville*, 676 F. App'x 753, 767 & n.4 (10th Cir. 2017) (acknowledging on review of an order of summary judgment that "*Gad* raises the question of whether the district court's jurisdictional rationale here remains legally viable," but stating that

11

"even if exhaustion is not jurisdictional, it is a condition precedent to suit"); *Hung Thai Pham v. James*, 630 F. App'x 735, 738 (10th Cir. 2015) (reviewing Rule 12(b)(1) dismissal of Title VII complaint and declining to address whether exhaustion of administrative remedies is jurisdictional on basis that defendant had "not waived or forfeited the issue," noting that the court may affirm dismissal "on a rationale different from the district court's"); *Arabalo v. City of Denver*, 625 F. App'x 851, 859-60 (10th Cir. 2015) (declining to decide the impact of *Gad* on the Circuit's "earlier decisions concluding we lacked subject-matter jurisdiction for other failures to meet Title VII's requirements," agreeing that plaintiff was required to first assert certain allegations to the EEOC as a condition precedent to suit, if not a jurisdictional prerequisite).

Since *Gad*, at least two of our sister courts have recognized the tension within the applicable Circuit law. *See Moreno v. Kansas City Steak Company, LLC*, No. 17-cv-02029-DDC-KGS, 2017 WL 2985748, at *3 (D. Kan. July 13, 2017); *Dolin v. ThyssenKrupp Elevator Corporation*, 2:16-cv-00529-MCA-GBW, 2017 WL 1551990, at *3-4 (D.N.M. Mar. 31, 2017) (putting aside the jurisdictional question and dismissing claim for plaintiff's failure to assert it in the EEOC charge). Like the *Moreno* court, while mindful of the questionable status of *Shikles* as good law, "[t]his court is bound by the published Tenth Circuit decisions unless they have been overruled by the Tenth Circuit sitting *en banc* or superseded by a contrary Supreme Court decision." *Moreno*, 2017 WL 2985748, at *3 (citations omitted). *See, e.g., In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (citing *United States v. Spedalieri*, 910 F.2d 707, 710 n.3 (10th Cir. 1990) (a three-judge panel cannot overrule circuit precedent)) (further citation omitted). Accordingly, despite its hesitation given the subsequent development of Supreme Court case law, the court applies here the rule of law as stated in *Shikles* and *Khader*, and finds under a Rule

12(b)(1) standard of review that Plaintiff's failure to cooperate in the EEOC investigation and subsequent proceedings divests the court of subject matter jurisdiction.

## II. Application

### A. Title VII Claim

The record before the court demonstrates that Ms. Cirocco filed the EEO Complaint on February 3, 2015. [#7-2]. In the EEO Complaint, Ms. Cirocco alleged that in December 2014 Mr. Gribben discriminated against her in the FY14 performance on account of her sex, and retaliated against her for "her efforts to comply with the Federal Managers' Financial Integrity Act of 1982 (FMFIA) and the 'Standards for Internal Control in the Federal Government.'" [*Id.* at 5, 6]. On February 26, 2015, the SBA issued to Plaintiff a Notice of Partial Acceptance/Dismissal (the "Notice"). [#7-3]. The Notice explained that the SBA had accepted for investigation a single issue: "Whether Complainant was discriminated against on the basis of sex (Female), when on December 10, 2014, she learned that her FY2014 performance rating of three (3) was submitted as a final rating to OHRS." [*Id.* at 2]. The Notice also explained that Plaintiff's claim for retaliation was dismissed because Plaintiff had "failed to identify a specific harm to a term, condition, or privilege of your employment where you suffered a direct, personal deprivation at the hands of the employer on a basis covered by EEO statutes." [*Id.* at 5].

The EEO assigned investigation of Ms. Cirocco's claim to Ralph Gay, who contacted Ms. Cirocco on May 28, 2015. [#7-4 at 2]. Mr. Gay wrote in a memorandum to file that Ms. Cirocco advised she had taken leave pursuant to the Family Medical Leave Act and was not physically well enough to participate in an interview. [*Id.*] Mr. Gay subsequently corresponded with Ms. Cirocco on several occasions in an effort to schedule an interview, and wrote that Ms. Cirocco ultimately informed him on August 24, 2015, that "it would be too stressful to be deposed and

13

that her doctor had not cleared her to be deposed." [*Id.*]  Mr. Gay thereafter "conclude[d] the investigation without [Plaintiff's] input," [*id.* at 3], and, after the Report of Investigation was issued, the parties sought a hearing before the ALJ.  [#7-1 at ¶ 11].

On February 6, 2017, the ALJ held a telephonic conference in which Plaintiff and her counsel participated, as did Mr. Gery.  [#7-1 at ¶ 12].  The ALJ issued an order identifying the single claim, stated above, and directing the parties to initiate discovery within twenty days and complete discovery by May 12, 2017.  [*Id.* at ¶¶ 13-14].  Mr. Gery thereafter sent initial discovery requests to Plaintiff's counsel; the SBA did not receive Plaintiff's responses and Plaintiff never served discovery on the SBA.  [*Id.* at ¶¶ 15, 17-18].  On June 16, 2017, Mr. Gery filed a Motion for Decision Without a Hearing, to which Plaintiff failed to respond.  [*Id.* at ¶¶ 19, 20].  On June 29, 2017, Plaintiff initiated this action, and filed with the EEOC a Notice of Commencement of Civil Suit.  [*Id.* at ¶ 22].  On July 7, 2017, the ALJ issued an order dismissing Plaintiff's case before the EEOC on the grounds that Plaintiff had filed this lawsuit.  [*Id.* at ¶ 23; #7-5].  Based on this record, the court finds that Ms. Cirocco failed to cooperate with the EEOC investigation, and thus failed to exhaust her administrative remedies.

The court notes that Ms. Cirocco filed a *pro se* Response, in which she references her former counsel's efforts to negotiate with opposing counsel and asserts a number of allegations that relate to the merits of her claims.  *See* [#23].  In relevant part, Ms. Cirocco states that her "former attorney advised me to file my case in federal court after discussions with SBA attorneys," and that her attorney "did not believe the SBA attorney's acted in good faith with him [sic]."  [*Id.* at 2].  Ms. Cirocco also details the retaliation she allegedly endured after she filed her EEO Complaint.  Finally, she represents that she is "out resourced at this point," that her "attorney has said it could cost up to $100k to pursue this case," and "[s]ince I am only looking

to be made whole with the time I was forced to take in medical leave and I would like to retire soon, I simply cannot proceed with this expense." [*Id.* at 3]. Notably, however, Ms. Cirocco does not address Defendant's contention that she failed to participate both in Mr. Gay's investigation and the proceedings before the ALJ. As a *pro se* litigant, Ms. Cirocco is entitled to a liberal construction of her Response; however, the court is not tasked with articulating the pertinent arguments on her behalf. Neither legal training nor expertise is required for Plaintiff to describe her version of events with respect to what transpired during the EEOC investigation and before the ALJ.[4] For these reasons, I find Plaintiff fails to demonstrate the court has subject matter jurisdiction over her Title VII claim.[5]

---

[4] Plaintiff attaches a copy of a Rule 11 Letter that her former attorney drafted. *See* [#23-2]. The Letter is addressed to Defendant's counsel and alleges several violations of Federal Rule of Civil Procedure 11, including that Mr. Gery's declaration "intentionally misleads the court and was made in bad faith," that Plaintiff's former counsel and Mr. Gery "attempted in good-faith to engage in constructive conversation starting in February 2017 to resolve Ms. Cirocco's case," and that, as part of those efforts, "the parties stayed discovery among other deadlines in the EEO process." [*Id.* at 1]. Plaintiff's former counsel also wrote that he had sent a separate email to Defense counsel, on October 11, 2017, "detailing more facts with regard to Mr. Gery's bad-faith affidavit." [*Id.*] In its Reply, Defendant contends that "Plaintiff has not complied with the 'safe harbor' provision of Fed. R. Civ. P. 11(c)(2)— which requires that a motion for sanctions must be served, but not filed or presented to the court until 21 days after service," and thus the allegations asserted in the Letter are not properly before the Court; Defendant additionally contends, "[i]n any event, it is wholly without merit." [#25 at 2 n.1]. If true, the allegations in the Letter would suggest that Plaintiff's participation in phases of the EEO proceeding ceased as a result of her attorney's agreement with SBA representatives and their efforts at reaching a resolution, and, at a minimum, creates an issue as to whether Ms. Cirocco failed to cooperate during the EEOC process, which is not properly resolved at the motion to dismiss phase. However, Plaintiff fails to provide any account of what occurred prior to filing her lawsuit, and, therefore, Defendant's assertion that Plaintiff did not participate in the EEOC investigation remains uncontroverted.

[5] In so finding, the court must dismiss the action; it cannot then assume jurisdiction exists and address Defendant's Rule 12(b)(6) argument in the alternative. *See Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

15

### B. Retaliation Claim

Ms. Cirocco's claim for retaliation claim similarly fails for lack of jurisdiction because it was not included in the underlying EEOC proceedings. Administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation. *Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1194–95 (10th Cir. 2004). It is undisputed that the SBA accepted only the Title VII claim for investigation: "Whether Complainant was discriminated against on the basis of sex (Female), when on December 10, 2014, she learned that her FY2014 performance rating of three (3) was submitted as a final rating to OHRS." [#7-3 at 2]. The SBA explained in the Notice that Plaintiff's claim for retaliation was dismissed because Plaintiff had "failed to identify a specific harm to a term, condition, or privilege of your employment where you suffered a direct, personal deprivation at the hands of the employer on a basis covered by EEO statutes." [*Id.* at 5]. The governing regulations permit the agency to dismiss some but not all of the claims in a complaint, and advise that such a determination "is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint." 29 C.F.R. § 1614.107(b). *See id.* at §§ 1614.401(a), 1614.402 ("a complainant may appeal an agency's final action or dismissal of a complaint," and any such appeal must be filed "within 30 days of receipt of the dismissal, final action or decision"). *See also id.* at § 1614.407(c)(d) (providing that a complainant may file an action in federal court within 90 days of receipt of Commission's final decision on appeal, or after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission). Plaintiff does not allege that she sought review of the SBA's decision from the ALJ or further appealed the ALJ's dismissal of the action; accordingly, Plaintiff cannot pursue that retaliation claim in federal court.

Additionally, in her Response, Plaintiff discusses the particulars of the retaliation she experienced after she filed her EEO Complaint. *See* [#23 at 2-3]. However, federal courts lack jurisdiction over Title VII claims that were not previously covered in a claim presented to the EEOC, and Plaintiff does not allege that she filed either a supplement to her EEO Complaint or a new EEO Complaint raising the allegations of retaliation that occurred subsequent to the filing of her initial Complaint. *See Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014) ("federal courts lack jurisdiction over incidents occurring after the filing of an EEOC claim unless the plaintiff files a new EEOC claim or otherwise amends her original EEOC claim to add the new incidents") (citing 29 C.F.R. § 1601.12(b)). Each act of retaliation must be separately exhausted, even when acts that post-date the EEO complaint reasonably relate to others presented to the EEOC. *Martinez v. Potter,* 347 F.3d 1208, 1210-11 (10th Cir. 2003) (noting this policy was particularly important where plaintiff claimed an ongoing pattern of retaliation, as Ms. Cirocco claims here). Additionally, to the extent the retaliation claim is ancillary to the Title VII claim, the court has jurisdiction to hear it only when the main administrative charge is properly before the court. *Jones v. Runyon*, 91 F.3d at 1402 (citing *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 479 (5th Cir. 1991) ("because one of plaintiff's ADEA claims was untimely and the other had not been presented first to the EEOC, claims were not properly before the court and retaliation charge had 'no charge on which to attach itself,' therefore, court had no jurisdiction over retaliation claim"). For these reasons, the court lacks subject matter jurisdiction over Plaintiff's retaliation claim.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)　Defendant Linda McMahon's Motion to Dismiss [#7] is **GRANTED**; and

(2) This action is **DISMISSED** without prejudice.

DATED: February 14, 2018　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nina Y. Wang_____
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge